## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal Home Loan Mortgage Corporation, | Civ. No. 13-3301 (SRN/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Isabel Maria Montanez, John Doe, and Mary Roe, | |
| Defendants. | |

Kevin T. Dobie, Esq., Usset, Weingarden & Liebo, PLLP, counsel for Plaintiff.

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Defendant Montanez.

### INTRODUCTION

This matter is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on sua sponte consideration of remand. This eviction action was originally initiated by Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") in Minnesota District Court, Sherburne County, on November 21, 2013. Defendants are the former owners of the property located at 20195 152nd Street NW, Elk River, Minnesota. The property was previously the subject of a mortgage foreclosure sale on March 13, 2013.

On December 3, 2013, Defendant Montanez removed this action from Minnesota state court on the basis that this Court has jurisdiction over the matter

pursuant to 28 U.S.C. §§ 1349 and 1452, asserting that Plaintiff is deemed a federal agency pursuant to 12 U.S.C. § 1452(f).

This case is similar to numerous other eviction actions that have been removed from state court to this court in recent months.  The District Court has referred all dispositive and non-dispositive matters to the Magistrate Judge under 28 U.S.C. § 636.  (Doc. No. 3.)  It is this Court's determination that sua sponte remand is appropriate.

Federal courts are courts of limited jurisdiction.  *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991).  Therefore, the Court may raise sua sponte issues of subject-matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues.  *Id.* at 523; *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte).  The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction.  28 U.S.C. § 1447(c); *Masepohl v. American Tobacco Co., Inc.*, 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, this Court is persuaded that abstention from exercising jurisdiction is appropriate in this instance.  This Court has abstained from exercising jurisdiction over substantially similar cases.  *See Fed. Home*

*Loan Mtg. Corp. v. Contreras*, No. 13-cv-897, Doc. No. 25 (ADM/AJB) (D. Minn. Aug. 29, 2013) (citing cases), *adopted at* Doc. No. 29 (D. Minn. October 1, 2013).

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quotation omitted). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. *See id.* at 716, 728–29, 733–34. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943) (citations omitted).

In *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939 (D. Minn. 2010), a district court in this District determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing *Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943). *MCC Mortgage*, 685 F. Supp. 2d at 947. Under *Burford*, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Quackenbush*, 517 U.S. at 726–27 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)). The court in *MCC Mortgage* noted that "even where jurisdiction otherwise exists, courts often abstain from

hearing eviction matters to avoid 'completely emasculat[ing] the state structure for

dealing with such disputes.'"[1] 685 F. Supp. 2d at 946–47 (quoting *MRM Mgmt.*

*Co. v. Ali*, No. 97-cv-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)); *see*

*also, e.g.*, *Homesales Inc., of Delaware v. Greene*, No. CV 10-3024-CL, 2010 WL

1630469, at *2–3 (D. Or. March 25, 2010) (stating that because unlawful detainer

actions involve a state regulatory statute and important state policy issues, the

federal court should abstain and remand the matter to state court) (report and

recommendation adopted by district court on other grounds, 2010 WL 1630468

(D. Or. April 19, 2010[2]); *CPG Finance I, L.L.C. v. Shopro, Inc.*, No. 06-3015-CV-

S-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy

objectives underlying abstention support remand of removed dispossessory

action) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 716) ("[A]bstention

is warranted by considerations of proper constitutional adjudication, regard for

federal-state relations, or wise judicial administration.")); *Glen 6 Assocs. v. Dedaj*,

---

[1]    Although the court in *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939 (D. Minn. 2010), declined to abstain from jurisdiction, that case is factually-distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor.  Further, this Court is cognizant that this action is one of numerous post-foreclosure eviction actions that have been removed to this court in the last several months on the same removal grounds Defendant invokes here, which further distinguishes the present action and the Court's ability to efficiently and expediently handle such summary eviction proceedings.

[2]    In *Homesales Inc. of Delaware*, the district court found that the court had no subject-matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the magistrate judge's

(Footnote Continued on Next Page)

770 F. Supp. 225, 228–29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

Although "abstention 'is the exception, not the rule,'" *MCC Mortgage*, 685 F. Supp. 2d at 947 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)), this Court concludes that abstention is proper in this instance. This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is tasked to Minnesota law enforcement personnel. *See generally* Minn. Stat. §§ 504B.001, subd. 4, 504B.365; *see also Homesales Inc., of Delaware*, 2010 WL 1630469, at *2–3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law. *See MCC Mortgage*, 685 F. Supp. 2d at 946. There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. *See, e.g.*, *Glen 6 Assocs.*, 770 F. Supp. at 228. Minnesota state district courts and the various County Housing Courts have a superior ability to handle efficiently the large volume of post-

(Footnote Continued from Previous Page)

recommendation of remand. 2010 WL 1630468, at *1 (D. Or. April 19, 2010).

foreclosure eviction cases to which Freddie Mac is a party.  As the district court in

*Fed. Home Loan Mortg. Corp. v. Matassino* (N.D. Ga. Dec. 3, 2012) noted: "The

court is very aware that dispossessory actions are now, and have always been,

primarily state court matters.  State courts are highly familiar with dispossessory

procedure, and federal courts are ill-equipped to adjudicate these actions." *Fed.*

*Home Loan Mortg. Corp. v. Matassino*, No. 1:11-CV-3895-CAP, 2012 WL

6622607, at *8 (N.D. Ga. Dec. 3, 2012).  Considering principles of comity,

federalism, and judicial economy, this Court recommends abstaining from this

matter and finds that remand is warranted.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings

herein, **IT IS HEREBY RECOMMENDED** that:

1.      This action be remanded to Minnesota state district court.


Date: December 19, 2013

                                                          *s/ Jeffrey J. Keyes*
                                                          JEFFREY J. KEYES
                                                          United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**January 2, 2014,** a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure to
comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the

objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.