**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>v.<br><br>Isabel Maria Montanez, John Doe, and Mary Roe,<br><br>Defendants. | Case No. 13-cv-3301 (SRN/JJK)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gerald G. Workinger, Jr. and Kevin T. Dobie, Usset, Weingarden & Liebo PLLP, 4500 Park Glen Road, Suite 300, Minneapolis, Minnesota, for Plaintiff.

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

**I.      INTRODUCTION**

This matter is before the Court on Defendants' Objection [Doc. No. 7] to United States Magistrate Judge Jeffrey J. Keyes' December 19, 2013, Report and Recommendation ("R&R") [Doc. No. 6]. On *sua sponte* consideration of remand, the Magistrate Judge recommended that this action be remanded to Minnesota state district court. For the reasons set forth below, the Court overrules Defendants' Objection and adopts the R&R.

**II.     BACKGROUND**

The Magistrate Judge's Report and Recommendation thoroughly documents the

1

factual and procedural background of this case, and the Court incorporates it here by reference. Briefly stated, Plaintiff Federal National Mortgage Association brought this eviction action against Defendants on November 21, 2013, in Sherburne County District Court. The litigation concerns Defendants' former property in Elk River, Minnesota, which was subject to a mortgage foreclosure sale on March 13, 2013.

On December 3, 2013, Defendants removed this case to federal district court, asserting that this Court has original jurisdiction because Plaintiff is a federal agency under 12 U.S.C. § 1452(f). (Notice of Removal at 1-2 [Doc. No. 1].)

On December 19, 2013, the Magistrate Judge *sua sponte* considered remand and recommended that this action be remanded to Minnesota state district court. (Dec. 19, 2013, Report and Recommendation at 1 [Doc. No. 6].) Without deciding whether this case was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the Magistrate Judge concluded that abstaining from exercising jurisdiction is appropriate. (Id. at 2.) Considering principles of comity, federalism, and judicial economy, the Magistrate Judge found abstention appropriate because this eviction action is "fundamentally a matter of state law," and there was neither a federal interest in retaining the proceedings or a federal right at stake, nor any apparent prejudice with the case going forward in state court. (Id. at 5-6.) On December 20, 2013, Defendants objected to the Magistrate Judge's R&R. (Objection [Doc. No. 7].)

On January 2, 2014, Plaintiff moved to dismiss Defendant Montanez's counterclaims. (Pl.'s Mot. to Dismiss Def. Isabel Maria Montanez's Countercl. [Doc. No. 8].) On January 23, 2014, Defendant Montanez opposed this motion. (Mem. in Opp'n to

Pl.'s Mot. to Dismiss [Doc. No. 13].)  On February 3, 2013, Plaintiff filed a reply brief in support of its motion to dismiss.  (Pl.'s Reply Mem. [Doc. No. 15].)

### III. DISCUSSION

#### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

#### B. Objections

Defendants cite Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), arguing that a federal court cannot abstain from exercising jurisdiction over a case when it falls within the court's federal-question jurisdiction.  (Objection at 3 [Doc. No. 30].)  The Court recently rejected this argument by Defendants' counsel in several cases, including Federal National Mortgage Association v. Guse, No. 13-cv-801 (PJS/JSM), 2014 WL 127033 (D. Minn. Jan. 14, 2014) and Federal National Mortgage Association v. Mondragon, No. 13-cv-1473 (PJS/JSM), 2014 WL 127113 (D. Minn. Jan. 14, 2014).  These cases identify several problems with Defendants' argument.

First, this case does not involve federal-question jurisdiction.  Defendants removed this case based on 12 U.S.C. § 1452 and not 28 U.S.C. § 1331.  (Notice of Removal ¶

3[Doc. No. 1].) Defendants argue that under Section 1452(f), "every case involving Freddie Mac [Plaintiff] is a case arising 'under the laws of the United States.'" (Objection at 1 [Doc. No. 7].) The determination of federal question jurisdiction, however, is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Id. That is, the complaint must establish that federal law creates the cause of action, or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. Here, the Complaint establishes neither. As the Magistrate Judge correctly observed, this case is a routine post-foreclosure eviction that is fundamentally a matter of state law. The Court therefore finds no federal-question jurisdiction here.

Second, Colorado River does not apply to this case as Defendants urge. In Colorado River, the United States filed a federal lawsuit with state and federal claims. 424 U.S. at 805, 815-16. The district court dismissed the federal lawsuit, a decision with which the Supreme Court agreed. Id. at 821. Although the Supreme Court noted that the district court would have had jurisdiction under 28 U.S.C. § 1331, dismissal was nonetheless appropriate in light of many factors that counseled against concurrent federal proceedings. Id. at 819. As such, even if the United States is a party, and even if there were federal-question jurisdiction, abstention may still be appropriate.

The Magistrate Judge properly considered principles of comity, federalism, and judicial economy in reaching his conclusion that abstention is appropriate. The Court finds this case to be an ordinary eviction proceeding that falls squarely within the realm of state

law.  There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice to the defendants by resuming this case in state court. Accordingly, the Court remands this matter to Sherburne County District Court.

## IV. ORDER

The Court **OVERRULES** Defendants' Objection [Doc. No. 7] and **ADOPTS** the Magistrate Judge's December 19, 2013, Report and Recommendation [Doc. No. 6]. Accordingly, **IT IS HEREBY ORDERED** that:

1. This action is remanded to Sherburne County District Court; and

2. Plaintiff's Motion to Dismiss Defendant Isabel Maria Montanez's Counterclaims [Doc. No. 8] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:       February 18, 2014             s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Court Judge